Rev. 5/20

# United States District Court
### Middle District of Florida
### Fort Myers Division

William Kendall
_____
*(In the space above enter the full legal name of the plaintiff)*

-against-

Florida Civil Commitment Center, et al;

J.P. Carner (John Doe) Security Director;

Emily Salema, Clinical Director;

Captain Feneche (John Doe);

Officer Garza (John Doe;

(Individual And Official Capacities)
_____
*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the
space provided, please write "see attached" in the space
above and attach an additional sheet of paper with the full list
of names. The names listed in the above caption must be
identical to those contained in Section IV. Do not include
addresses here.)*

Case No. 2:24cv00433-JLB-KCD
_____
(To be filled out by Clerk's
Office only)

# COMPLAINT
*(Pro Se* Confined Litigant)

Jury Demand?
☐ Yes
☐ No

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files. Under this rule, papers filed with the court should *not*
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number. A filing may include *only*: the last
four digits of a social security number; the year of an individual's birth; a minor's initials; and
the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.**

Rev. 5/20

## I.    COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☑ ⋅  42 U.S.C. § 1983 (state, county, or municipal defendants)

☐  Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II.    PLAINTIFF INFORMATION

Kendall, William                        WORLDCHAMP
Name (Last, First, MI)                      Aliases

FCCC# 990159
Identification #

Florida Civil Commitment Center
Place of Detention

13619 S.E. Hwy. 70
Institutional Address

Desoto, Arcadia        Florida        34266
County, City              State            Zip Code

## III.    STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐  Pretrial detainee
☑  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced state prisoner
☐  Convicted and sentenced federal prisoner

Rev. 5/20

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:  Florida Civil Commitment Center
Name (Last, First)

Physical Custodian of Plaintiff Kendall
Current Job Title

13619 S. E. Highway 70
Current Work Address : LAST KNOWN

Desoto, Arcadia,    Florida    34266
County, City          State          Zip Code


Defendant 2:  Carner, J.P. ( John Doe )
Name (Last, First) : ~~LAST KNOWN~~

Security Director
Current Job Title

13619 S. E. Highway 70
Current Work Address : LAST KNOWN

Desoto, Arcadia,    Florida    34266
County, City          State          Zip Code

Page 3 of 10

Rev. 5/20

**Defendant(s) Continued**

Defendant 3:     Salema, Emily
               Name (Last, First)

               Clinical Director
               Current Job Title

               13619 S.E Highway 70
               Current Work Address ≈ LAST KNOWN

               Desoto, Arcadia    Florida        34266
               County, City        State          Zip Code


Defendant 4:    Feneche, (John Doe)
               Name (Last, First)

               Captain
               Current Job Title

               13619 S.E. Highway 70
               Current Work Address ≈ LAST KNOWN

               Desoto, Arcadia    Florida        34266
               County, City        State          Zip Code


[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

Section IV

Defendant 5: Garza (John Doe)
           Name (Last, First)

Officer
Current Job Title

13619 S.E. Highway 70
Current Work Address/ LAST KNOWN

Desoto, Arcadia, Florida 34266
County, City    State    Zip Code

Rev. 5/20

## V.    STATEMENT OF CLAIM

Place(s) of
occurrence:    Florida Civil Commitment Center

Date(s) of occurrence:    5-22-20 - (May 22, 2020)

State which of your federal constitutional or federal statutory rights have been violated:

Constitutional Amendment(s) V, VIII, XIV

*State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).*

FACTS:

1) On May 22, 2020 Plaintiff William Kendall ("Kendall") was handcuffed and placed in Administrative Confinement by Captain Feneche and Officer Garza on claim of "Assault" on another inmate.

What happened to you?

2) As a preconfinement measure "Kendall" was taken to medical where he was stopped at the door and told to wait as his combatant was still being attended to.

3) Defendant Officer Garza ("Garza") told Defendant Captain Feneche ("Feneche") Plaintiff Kendall ("Kendall") did not need to be seen. And after making codes and signs and signals, "Feneche" told "Garza"

Page 5 of 10

Rev. 5/20

to take plaintiff to confinement.

**Who did what?**

4) At door exiting medical hallway and entering confinement hallway "Feneche" stopped "Garza" stating bring plaintiff back to medical door so the nurse can see his face. Plaintiff refused stating "she can do it once I'm secured in confinment."

5) Officer Garza snatched and jerked plaintiff arm causing plaintiff to twist and fall to the floor in acute lower back pain spasm. And grabbing "Kendall" by a arm and leg, "Garza" lifted and pulled plaintiff up against his body and groin area, causing plaintiff severe pain, while carrying him back to medical doorway. "Garza" lifted plaintiff to where the nurse could see his face. And Captain Feneche stated "She can see him. Take him to confinement."

6) Officer Garza then snatched plaintiff upright, pushed him against a wall and began choking plaintiff by placing both hands around his neck with thumbs stifferd and fully extended pressing their full length into plaintiffs throat, causing plaintiff to loose breath and gasp repeatively by shock and severe pain enhanced by the initial back pain/spasm jerk/"take down."

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

Page 6 of 10

Rev. 5/20

7) Captain Feneche appeared laughing, taking pictures and suddenly, while smiling at "Garza", Captain Feneche while stiffening his thumb thrusted into plaintiffs' throat while stating "your muthers' a whore."

> **Was anyone else involved?**

8) A female officer (MS. Estein) appeared saying What's wrong with him? "Garz a" stated "He's trying to spit on me." (she walked away crying)

9) Captain "Feneche" and Officer "Garza" took plaintiff to confinement where "Feneche" tried stripping plaintiff of all his clothing, but took only his shirt under claim it had blood on it.

10) In confinement plaintiff was given incident report stating accusing "assault" and a confis-cation form for a MP3 Music Player and a Jump Drive-(information storage device). Nothing was mention on the taking of plaintiff shirt. However, to date neither item ("Personal Property") returned.

11) On May 26, 2020, Plaintiff Filed Administrative Remedy listing "DUE PROCESS OF LAW" AND For Defendant(s) Officer Garza and Captain Feneche to be arrested and fired. Ex. "A"

12) Plaintiff numerous Administrative Remedy for his personal property taken were blocked/exhausted

Section V

by Ms. Riddle, Grievance Examiner. See, Ex., "B", "C" "D"
"E", "F" ___

13) Note-worthy, On October 11, 2019 plaintiff attempted
resolve/ Complaint of being stalked and (sexual)
assaulted by his combatant [ inmate Carlin Thomas]
but was stopped/(exhausted) by Administrative
complaint resolve-retort that plaintiff be a man about
it's resolve his own'. (Emily Salema, Psy. D., Clinical
Director at Florida Civil Commitmen Center, 10/16/2019)
Ex. "G"

14) On June 4, 2020, Plaintiff was given thirty-days
(30 dys) Confinement by J.P. Carner (Security Director),
AND Emily Salema, Psy. D. (Clinical Director).
Noting Plaintiff was accused of "assault", however,
his combatant was neither accused or punished
for his part of the incident [ "fight"].

15) Lastly, (note worthy too), on date to be ascertain
by record, Clinical Director, Emily Salema, Psy. D.,
while threating plaintiff with confine ment, tried to
agin force Plaintiff to bed-down/(bunk) with his
aforementioned (13, supra) stalker-assailant —
"combatant." But inmate Collins (above) was moved
befor another fight could occurred.

Rev. 5/20

VI.    **ADMINISTRATIVE PROCEDURES**

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

VII.    **RELIEF**

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

COURT ORDER:
   1) Set Plaintiff case for Jury Trial by Demand;
   2) Appointment of qualified Attorney to assure due respect for this Honorable Court together with presentation of Plaintiffs' issue(s) and grief;
   3) The Defendant(s) individually AND Collectively forfiet and pay plaintiff ($5K) per eight perion he was forced to bed/bunk with another inmate after that he made alarm; with partial hour, whole;
   4) The Defendant(s), individually an Collectively forfiet and pay Plaintiff ($5K) per eight (8) hour period spent in confinement; (Partial deem Whole);
   5) The Defendant(s) forfiet and pay to Plaintiff ($1M) for any and all personally select mental health counseling AND/OR treatment;

SECTION VII RELIEF

6) That the Defendant(s) individually AND/OR collectively Forfiet and pay to Plaintiff ($1M) For any physical & medical needs discovered and treatment(s) needed to attend to plaintiffs neck and throat area abused/injured by negligence, and/or actual physical abuse by the Defendant(s).

7) Plaintiff request compensatory and punitive damages, monetory damages against Defendant(s) for no less than ($10M) ten million dollars.

Rev. 5/20

## VIII. LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

### *ALL LITIGANTS MUST ANSWER:.*

Have you to date brought any other lawsuits in state or federal court while a confined?      ☐ Yes    ☑ No

If yes, how many?   _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 9 of 10

Rev. 5/20

## IX.    PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

May 22, 2024
Dated

*William Kendall*
Plaintiff's Signature

Kendall, William
Printed Name (Last, First, MI)

Fccc # 990159
Identification #

Florida Civil Commitment Center, Arcadia, FL 34266
Institutional Name          City          State     Zip Code